a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS ALBERTO GARCIA #36134-298,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00973<br>SEC P |
| VERSUS | JUDGE DRELL |
| COUNSELOR SOUTH CENTRAL REGIONAL ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint under the Federal Tort Claims Act ("FTCA") (ECF Nos. 1, 5) filed by *pro se* Plaintiff Carlos Garcia ("Garcia") (#36134-298). Garcia is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Thompson, Illinois. Garcia complains that he is entitled to monetary damages for injuries sustained at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Because Garcia's Complaint is untimely, it should be DISMISSED WITH PREJUDICE.

I. **Background**

Garcia alleges that he was assaulted by multiple inmates with homemade knives at USP-Pollock. ECF No. 1 at 2. He claims that minutes before the attack, he saw Officer D. Beverly allow countless inmates into the housing unit without going through a metal detector. ECF No. 1 at 2; No. 5 at 4.

1

Garcia allegedly filed a Tort Claim, which was denied on an unspecified date. Garcia alleges that he received a copy of the denial on October 9, 2019. ECF No. 1 at 1.

## II. Law and Analysis

An FTCA claim must be properly exhausted and timely filed. The FTCA contains its own exhaustion provision, which is jurisdictional.[1] Before filing suit under the FTCA, a plaintiff must fully exhaust all administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). Because this requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived or forgone. *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981). Under 28 U.S.C. § 2401(b), a claim in federal court must be filed within six months of the date the notice of the final denial is mailed. 28 U.S.C. § 2401(b).

Garcia asserts that his claim was properly exhausted. Nonetheless, his Complaint is untimely. ECF No. 1 at 1. Garcia had six months from the date the denial was mailed within which to file suit. 28 U.S.C. § 2401(b). Although the date of mailing is unknown, Garcia allegedly received the denial on October 9, 2019. ECF

---

[1] 28 U.S.C. §2676(a) provides in part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

No. 1 at 1.  Thus, at the latest, Garcia had six months from that date—until April 9, 2020—within which to file suit.

Garcia's Complaint is dated July 19, 2020, post-marked July 27, 2020, and was received by the Clerk of Court on July 30, 2020.  Using the most liberal date of July 19, 2020 as the filing date, the Complaint is still untimely.  Garcia notes that he waited nine weeks "to receive the certified mail stickers" from his Unit Team.  ECF No. 1-3.  However, nine weeks from the date Garcia reportedly received the denial was still well-within the six-month prescriptive period.  Thus, Garcia could have timely filed his Complaint even with the alleged delay.

### III.  Conclusion

Because Garcia's FTCA claim is untimely, IT IS RECOMMENDED that the Complaint (ECF Nos. 1, 5) be DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 26, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE